1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
6  Attorneys for Plaintiff

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  JOSE GOMEZ; on behalf of himself, and on behalf of all persons similarly situated, | CASE No.  **'10 CV 2373 L    AJB** |
| 14                         Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF:** |
| 15  vs. | (1)   UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 ET SEQ.; |
| 16  ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC, | (2)   FAILURE TO PAY STRAIGHT TIME AND OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 204, 210, 218, 510, 1194 & 1198; |
| 17                         Defendants. | (3)   FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF  CAL. LAB. CODE § 226; |
| 18 | (4)   FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| 19 | (5)   FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201 ET SEQ. |
| 20 | **DEMAND FOR A JURY TRIAL** |

13  JOSE GOMEZ; on behalf of himself, and on
    behalf of all persons similarly situated,

                          Plaintiff,

15  vs.

16  ENTERPRISE RENT-A-CAR COMPANY
    OF LOS ANGELES, LLC,

                          Defendants.

CASE No.  **'10 CV 2373 L    AJB**

**CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES,
RESTITUTION, AND INJUNCTIVE
RELIEF:**
   (1)   UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE § 17200 ET SEQ.;
   (2)   FAILURE TO PAY STRAIGHT
TIME AND OVERTIME WAGES IN
VIOLATION OF CAL. LAB. CODE §§ 204,
210, 218, 510, 1194 & 1198;
   (3)   FAILURE TO PROVIDE
ACCURATE ITEMIZED STATEMENTS IN
VIOLATION OF  CAL. LAB. CODE § 226;
   (4)   FAILURE TO REIMBURSE
EMPLOYEES FOR REQUIRED EXPENSES
IN VIOLATION OF CAL. LAB. CODE §
2802; and,
   (5)   FAILURE TO PAY OVERTIME
COMPENSATION IN VIOLATION OF 29
U.S.C. §§ 201 ET SEQ.

**DEMAND FOR A JURY TRIAL**

26

27

28

COMPLAINT

1  Plaintiff Jose Gomez, an individual, alleges upon information and belief, except for his own acts

2  and knowledge which are alleged based upon personal knowledge, the following:

3

4  ### NATURE OF THE ACTION

5  1.  ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC

6  ("ENTERPRISE") is a Delaware company with headquarters in Saint Louis, Missouri.  ENTERPRISE

7  is part of the largest car rental and vehicle leasing service in the United States providing fleet

8  management, used car sales, vanpool, and commercial truck rental services.  Additionally, the company

9  offers personal accident insurance, supplemental liability protection, and personal effects protection

10  services.  To assist in maintaining superior operations management at all locations throughout

11  California, ENTERPRISE retains Management Assistants and Management Trainees.  During the

12  CLASS PERIOD, ENTERPRISE systematically failed to record and pay Plaintiff Jose Gomez

13  ("PLAINTIFF") and other Management Assistants and Management Trainees ("Assistants and

14  Trainees") for the actual number of hours worked, including straight time and overtime.  ENTERPRISE

15  intentionally and unlawfully failed to pay the Assistants and Trainees for all straight time and overtime

16  with respect to time worked off the clock and on-the-job training.  ENTERPRISE's management

17  fictitiously classifies on-the-job training as part of their "Interview" process whereby ENTERPRISE

18  required these employees to submit to unpaid "working interviews."  However, these employees were

19  actually engaged in employment training which is compensable work under California law.  The time

20  worked by the employees which was spent training for DEFENDANT's benefit renders the training

21  ineligible for exemption from being considered hours worked.  Therefore, the training is considered

22  work, and must be compensated.  In addition, DEFENDANT failed to compensate these employees for

23  time worked off the clock reporting to other locations to pick up and drop off DEFENDANT's cars in

24  accordance with DEFENDANT's uniform policies and practices.  ENTERPRISE's policy and practice

25  to not pay employees for all work time, including overtime is evidenced by DEFENDANT's business

26  records.  Throughout the CLASS PERIOD, ENTERPRISE also engaged in a common course of

27  conduct in violation of California law by denying and interrupting mandatory meal and rest breaks

28  without additional compensation, as well as by refusing and failing to indemnify Assistants and

1  Trainees for necessary expenses incurred in the discharge of their job duties.

2       2.     PLAINTIFF brings this action against ENTERPRISE pursuant to Fed. R. Civ. Proc.

3  23(b)(2) and/or (3), on behalf of himself and a class consisting of all individuals who currently work

4  or previously worked for ENTERPRISE as a Management Assistant and/or Management Trainee at a

5  location in California ("CLASS" or "Class Members") during the CLASS PERIOD as defined herein.

6  ENTERPRISE's uniform policy and practice alleged herein is an unfair, deceptive and unlawful

7  practice whereby ENTERPRISE retained and continues to retain wages due PLAINTIFF, and the Class

8  Members, for all hours worked.  PLAINTIFF, and the Class Members, seek an injunction enjoining

9  such conduct by ENTERPRISE in the future, relief for the named PLAINTIFF and all Class Members

10  who have been economically injured by DEFENDANT's past and current unlawful conduct, and all

11  other appropriate legal and equitable relief.

12

13  ### THE PARTIES

14       3.     Defendant ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC

15  ("DEFENDANT" or "ENTERPRISE") is part of a business enterprise founded in 1957 and is based and

16  headquartered in Saint Louis, Missouri.  At all relevant times mentioned herein, ENTERPRISE

17  conducted and continues to conduct substantial and regular business in California, operating

18  approximately multiple locations in the state, including locations in San Diego, County.

19       4.     The agents, servants, and/or employees of the DEFENDANT and each of them

20  acting on behalf of the DEFENDANT acted within the course and scope of his, her or its authority as

21  the agent, servant, and/or employee of the DEFENDANT, and personally participated in the conduct

22  alleged herein on behalf of the DEFENDANT with respect to the conduct alleged herein.

23  Consequently, DEFENDANT is jointly and severally liable to the PLAINTIFF and the other members

24  of the CLASS, for the loss sustained as a proximate result of the conduct of the DEFENDANT's agents,

25  servants, and/or employees.

26       5.     At all relevant times mentioned herein, Plaintiff Jose Gomez ("PLAINTIFF") resided

27  in California and is a citizen of California.  PLAINTIFF was employed by ENTERPRISE in San Diego

28  County, California as a Management Trainee and then as a Management Assistant from January 2007

to September 2010.  Throughout his entire employment, PLAINTIFF was classified as non-exempt and paid on an hourly basis.

### THE CLASS & CONDUCT

6.     The PLAINTIFF brings this Action against ENTERPRISE on behalf of himself and a class consisting of all individuals who currently work or previously worked for ENTERPRISE as a Management Assistant and/or Management Trainee at a location in California ("CLASS" or "Class Members") during the CLASS PERIOD as defined herein.  The applicable "CLASS PERIOD" is defined as the period beginning on the date four (4) years prior to the filing of this Complaint and ending on a date as determined by the Court.

7.     During the CLASS PERIOD, ENTERPRISE systematically failed to correctly pay the PLAINTIFF and the Class Members for all hours worked including straight time and overtime.  It is ENTERPRISE's uniform policy and practice to classify the on-the-job training process as part of their "Interview" process whereby ENTERPRISE fails to pay wages due PLAINTIFF and the Class Members for time spent in employment training.  As a result, the Class Members did not receive any compensation for the time spent shadowing ENTERPRISE's employees in order to learn ENTERPRISE's business operations.  In addition, DEFENDANT failed to compensate these employees for time worked off the clock reporting to other locations to pick up and drop off DEFENDANT's cars in accordance with DEFENDANT's uniform policies and practices.   Class Members are regularly required to travel to other locations as instructed by DEFENDANT, however, DEFENDANT fails to properly compensate Class Members for this work and travel.  ENTERPRISE also exercises a uniform practice of denying the Class Members mandatory thirty (30) minute meal breaks when the office provides the Class Members with lunch.  This practice is the direct result of an excessive workload whereby the Class Members are instructed to clock out for a thirty (30) minute break, eat on the job, and are not paid for the meal break.  ENTERPRISE further denies the Class Members mandatory ten (10) minute rest periods.  ENTERPRISE also fails to reimburse the Class Members for all necessary expenses incurred in the discharge of their job duties, including the personal vehicle usage and the expense of gas that is required in order to travel to and from the training hub cities to participate in a

1    mandatory training program after being hired and to travel to locations required by DEFENDANT to
2    pick up DEFENDANT's cars.

3        8.    Throughout the CLASS PERIOD, in violation of the applicable sections of the
4    California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage
5    Order, ENTERPRISE as a matter of corporate policy, practice and procedure, intentionally, knowingly
6    and systematically failed to properly record and compensate the PLAINTIFF and the Class Members
7    for all hours worked, by failing to record and pay Class Members for straight time and overtime hours
8    worked.  During the CLASS PERIOD, ENTERPRISE required the Class Members to submit to unpaid
9    "working interviews" in accordance with their uniform policy and practice to not pay wages for
10   employment training.  ENTERPRISE also engaged in a common course of denying compensation to
11   employees for time worked off the cock where by ENTERPRISE required employees to report to other
12   locations to pick up and drop off DEFENDANT's cars which were necessary in order to conduct
13   business.  During the CLASS PERIOD, ENTERPRISE also denied and interrupted mandatory meal and
14   rest breaks without additional compensation, as well as refused and failed to indemnify Assistants and
15   Trainees for necessary expenses incurred in the discharge of their job duties.  These uniform policies
16   and systematic practices of ENTERPRISE were intended to purposefully avoid the payment of wages
17   and other benefits required by California law which allows ENTERPRISE to illegally profit and gain
18   an unfair advantage over competitors.  To the extent equitable tolling operates to toll claims by the
19   CLASS against ENTERPRISE, the CLASS PERIOD should be adjusted accordingly.

20       9.    All Assistants and Trainees working for ENTERPRISE in California are similarly
21   situated in that they are all subject to ENTERPRISE's uniform policy and systematic practice that
22   requires them to perform work without compensation, miss meal and rest breaks and incur expenses
23   without proper reimbursement, as required by law.  Assistants and Trainees are responsible for writing
24   car "rental tickets"; picking up rental car customers; making reservations to meet with rental car
25   customers; selling customer options and explaining rental policies; handling telephone and walk-in
26   rental customers; arranging for billing and length of car rentals; handling cash deposits; taking credit
27   information and obtaining approvals; verifying customers' return dates; checking in rental cars when
28   returned; settling customer complaints; making limited sales calls; and arranging for and assisting with

1    fleet maintenance.  In addition, all Assistants and Trainees share a common chain of command in that
2    they all report to a Branch Manager according to DEFENDANT's uniform, rigid reporting protocols.

3         10.    DEFENDANT has the legal burden to establish that each and every employee is
4    compensated for all hours worked, provided an adequate meal and rest periods and is fully reimbursed
5    for the expenses incurred in the discharge of their job duties.  DEFENDANT, however, as a matter of
6    uniform and systematic policy, practice and procedure failed and still fails to pay during the CLASS
7    PERIOD all wages due PLAINTIFF and the Class Members for all hours worked including straight
8    time and overtime, provide all mandatory meal and rest periods, and reimburse the PLAINTIFF and
9    the Class Members for all necessary expenses incurred in the discharge of their job duties.  Rather than
10   satisfying its burden, the DEFENDANT's uniform policy and practice in place at all times during the
11   CLASS PERIOD and currently in place is to systematically not pay the PLAINTIFF and the Class
12   Members for all hours worked, including those hours spent training, including overtime pay for more
13   than forty (40) hours in a seven (7) day workweek, or eight (8) hours in a workday, not provide
14   uninterrupted off duty thirty (30) minute meal breaks and ten (10) minute rest breaks, and not
15   indemnify the Class Members for expenses incurred in the discharge of their job duties.  This
16   systematic and company-wide policy originating at the corporate level is the cause of the illegal pay
17   practices as described herein.  This common business applicable to each and every Class Member can
18   be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under the California Business
19   & Professions Code, Sections 17200 et seq., as causation, damages, and reliance are not elements of
20   this claim.

21        11.    At no time before, during or after the PLAINTIFF's employment with DEFENDANT,
22   was the compensation for any member of the CLASS properly recalculated so as to compensate the
23   employee for all hours worked as required by California Labor Code Sections 204 and 510, et seq.

24        12.    During the CLASS PERIOD, ENTERPRISE uniformly violated the rights of the
25   Class Members under California law, without limitation, in the following manners:

26             (a)    Violating California Code of Regulations, Title 8, Section 11040(7) and Labor
27                    Code Section 206.5 by failing to record and pay PLAINTIFF and the Class

28

1   Members all wages due for all hours worked, including straight time and
2   overtime;

3   (b)   Violating California Labor Code Sections 204, 510 and 1198 by failing to pay
4         regular and premium wages for hours worked in excess of eight (8) hours in a
5         workday and forty (40) hours in a workweek;

6   (c)   Violating Cal. Lab. Code § 2802, by failing to provide PLAINTIFF and the
7         Class Members with reimbursement of expenses incurred by these employees
8         in the discharge of their duties as an employee of DEFENDANT;

9   (d)   Violating Business & Processions Code Section 17200, *et seq.*, by failing to
10        provide PLAINTIFF and the Class Members with legally required meal periods
11        and rest periods and by failing to pay wages to such employees for the meal
12        periods and rest periods that were not provided;

13  (e)   Violating California Labor Code Section 226 by failing to provide the members
14        of the CLASS with accurate itemized wage statements;

15  (f)   Violating California Labor Code Sections 201 and 202 by failing to tender full
16        payment and/or restitution of wages owed to the employees whose employment
17        with DEFENDANT has terminated; and,

18  (g)   Violating Business & Processions Code Section 17200, *et seq.*, by committing
19        acts of unfair competition in violation of the California Labor Code and public
20        policy, by failing to record and pay PLAINTIFF and the Class Members wages
21        for all hours of work.

22  13.   As a result of ENTERPRISE's uniform policies, practices and procedures, there
23  are numerous questions of law and fact common to all Class Members who work for ENTERPRISE
24  in California during the CLASS PERIOD.  These questions include, but are not limited to, the
25  following:

26  (a)   Whether ENTERPRISE's policies, practices and pattern of conduct described
27        in this Complaint were and are unlawful;

28

(b)   Whether ENTERPRISE has engaged in a common course of failing to record and pay PLAINTIFF and the members of the CLASS for all hours worked, including off the clock, straight time and overtime;

(c)   Whether ENTERPRISE has engaged in a common course of requiring or permitting its Assistants and Trainees to work off the clock without compensation;

(d)   Whether ENTERPRISE has engaged in a common course of requiring or permitting its Assistants and Trainees to not report all hours worked;

(e)   Whether ENTERPRISE has engaged in a common course of failing to maintain true and accurate time records for all hours worked by its Assistants and Trainees;

(f)   Whether ENTERPRISE has engaged in a common course of failing to provide Assistants and Trainees with accurate itemized wage statements;

(g)   Whether ENTERPRISE has engaged in a common course of failing to provide its Assistants and Trainees with required rest breaks;

(h)   Whether ENTERPRISE has engaged in a common course of failing to provide its Assistants and Trainees with uninterrupted off duty meal breaks;

(i)   Whether ENTERPRISE has engaged in a common course of failing to pay all its Assistants and Trainees all wages due upon termination;

(j)   Whether ENTERPRISE has engaged in a common course of failing to indemnify its Assistants and Trainees for all necessary expenses incurred in the discharge of their duties;

(k)   Whether ENTERPRISE has engaged in unfair competition by the above-listed conduct; and,

(l)   Whether ENTERPRISE's conduct was willful.

14.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   The persons who comprise the CLASS exceed 100 persons and are therefore so

1    numerous that the joinder of all such persons is impracticable and the

2    disposition of their claims as a class will benefit the parties and the Court;

3    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

4    are

5    raised in this Complaint are common to the CLASS will apply uniformly to

6    every member of the CLASS;

7    (c)    The claims of the representative PLAINTIFF are typical of the claims of each

8    Class Member.   PLAINTIFF, like all Class Members, was subjected to

9    DEFENDANT's uniform policy and practice which failed to pay all wages due

10    the CLASS for all hours worked, including straight time and overtime, failed to

11    provide the Class Members with uninterrupted meal and rest breaks, failed to

12    indemnify the Class Members for necessary expenses, and failed to accurately

13    record all hours worked by the CLASS.   PLAINTIFF sustained economic injury

14    as a result of DEFENDANT's unlawful employment practices.   PLAINTIFF

15    and the Class Members were and are similarly or identically harmed by the same

16    unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by

17    DEFENDANT; and,

18    (d)    The representative PLAINTIFF will fairly and adequately represent and protect

19    the interest of the CLASS, and has retained counsel who are competent and

20    experienced in class action litigation.   There are no material conflicts between

21    the claims of the representative PLAINTIFF and Class Members that would

22    make class certification inappropriate.   Counsel for the CLASS will vigorously

23    assert the claims of all members of the CLASS.

24    15.    In addition to meeting the statutory prerequisites to a Class Action, this action is

25    properly maintained as a Class ction pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

26    (a)    Without class certification and determination of declaratory, injunctive,

27    statutory

28    and other legal questions within the class format, prosecution of separate actions

by individual members of the CLASS will create the risk of:

    (i)    Inconsistent or varying adjudications with respect to individual members of the CLASS which would establish incompatible standards of conduct for the parties opposing the CLASS; and/or,

    (ii)    Adjudication with respect to individual members of the CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests;

(b)    The parties opposing the CLASS have acted or refused to act on grounds generally applicable to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole in that the DEFENDANT uniformly failed to pay all wages due for all hours worked by the Class Members;

    (i)    With respect to the First Cause of Action, the final relief on behalf of the CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    (i)    The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class

Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    (ii)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:  (a) Inconsistent or varying adjudications with respect to individual members of the CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or, (b) Adjudications with respect to individual members of the CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    (iii)    In the context of wage litigation because a substantial number of individual CLASS members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the class action is the only means to assert their claims through a representative; and,

    (iv)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

16.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

    (a)    The questions of law and fact common to the CLASS predominate over any question affecting only individual members because the DEFENDANT's employment practices were uniformly and systematically applied with respect to the entire CLASS;

    (b)    A class action is superior to any other available method for the fair and efficient

adjudication of the claims of the members of the CLASS because in the context of employment litigation a substantial number of individual CLASS members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the CLASS before the Court;

(d)     PLAINTIFF, and the other CLASS members, will not be able to obtain effective

and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the

CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)     The members of the CLASS are readily ascertainable from the business records of DEFENDANT and business records of the DEFENDANT will identify and establish membership in the CLASS; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CLASS.

17.     ENTERPRISE maintains records from which the Court can ascertain and  identify by

1  job title each of the Assistants and Trainees who have been systematically, intentionally and uniformly

2  subjected to DEFENDANT's unlawful corporate policy, practices and procedures as herein alleged.

3  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly

4  situated employees when such employees have been identified.

5

6  ### JURISDICTION AND VENUE

7  18.    This Court has jurisdiction over the PLAINTIFF's federal claim pursuant to 28

8  U.S.C. §1331 and supplemental jurisdiction of the PLAINTIFF's related state law claims pursuant to

9  28 U.S.C. § 1367.

10  19.    Further, with respect to the state law class claims, these state law class claims

11  are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that

12  exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the citizenship

13  of Plaintiff and the members of the Class are diverse from that of DEFENDANT.  As a result, this

14  Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA

15  Jurisdiction).

16  20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i)

17  DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this

18  District; (ii) DEFENDANT maintains offices or facilities in San Diego County, California; (iii)

19  DEFENDANT committed the wrongful conduct against the PLAINTIFF and the Class Members in

20  San Diego County, California; (iv) the PLAINTIFF resides in San Diego County; and (v) the

21  PLAINTIFF was employed by DEFENDANT in San Diego County, California.

22

23  ### FIRST CAUSE OF ACTION

24  **For Unlawful Business Practices**

25  **[Cal. Bus. And Prof. Code § 17200, et seq.]**

26  **(By PLAINTIFF and the CLASS and against All Defendants)**

27  21.    PLAINTIFF, and the Class Members, reallege and incorporate by this reference, as

28

though fully set forth herein, paragraphs 1 through 20 of this Complaint.

22.    DEFENDANT is a "persons" as that term is defined under the California Business and Professions Code, Section 17021.

23.    Cal. Bus. & Prof. Code Section 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor laws in the employment context.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

24.    At all times relevant hereto, by and through the conduct described herein, DEFENDANT engaged in unfair and unlawful practices in violation of the California Business and Profession Code, Section 17200 et seq. by failing to: (a) pay PLAINTIFF and the Class Members the wages due for all hours worked; (b) accurately record all hours worked; (c)  provide mandatory meal and rest breaks without compensation; and (d) indemnify employees for expenses incurred in the performance of job duties for DEFENDANT's benefit.  DEFENDANT's unlawful and deceptive conduct deprived the PLAINTIFF and the Class Members of fundamental rights and privileges and caused them economic injury as herein alleged.  DEFENDANT engaged in unfair competition by withholding compensation for all hours worked. DEFENDANT further engaged in unfair and unlawful business practices by failing to keep accurate information and time records and failing to accurately itemize the total hours worked by DEFENDANT's employees, in violation of California law.  As herein alleged, DEFENDANT's conduct was unlawful in that, with respect to all Assistants and Trainees, DEFENDANT uniformly violated California law and regulations, including but not limited to the California Labor Code, Sections 201, 202, 206.5, 216, 204, 218, 226, 226.7, 510, 512, 1102.5, 1174, 1175, 1198, 2802, and the California Code of Regulations, Title 8, Section 11040(7).  Because DEFENDANT ordered and requires these employees to submit time records which the DEFENDANT

1  knows to be false because the time records exclude all hours worked, DEFENDANT's pattern of

2  conduct and systematic practices violate the California Labor Code, Section 206.5.

3      25.     Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy and

4  practice to interrupt the meal and rest breaks of the PLAINTIFF and the members of the CLASS.

5  DEFENDANT's uniform practice denies the PLAINTIFF and the Class Members mandatory thirty

6  (30) minute meal breaks when the office provides the Class Members with lunch. This practice is the

7  direct result of an excessive workload whereby the Class Members are instructed to clock out for a

8  thirty (30) minute break, eat on the job, and are not paid for the meal break. As a result, the

9  PLAINTIFF and the Class Members were required to work off the clock, without pay, during times that

10 they should have been on their meal and rest breaks. At all relevant times during the CLASS PERIOD,

11 DEFENDANT failed to provide any compensated work time for interrupting such breaks.

12     26.     By and through the unfair and unlawful business practices described herein,

13 DEFENDANT obtained valuable property, money, and services from the PLAINTIFF, and the Class

14 Members, and has deprived them of valuable rights and benefits guaranteed by law and contract, all

15 to the detriment of the employees and to the benefit of DEFENDANT so as to allow DEFENDANT

16 to unfairly compete against competitors who comply with the law.

17     27.     All the acts described herein as violations of, among other things, the California Labor

18 Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy;

19 and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and

20 unlawful business practices in violation of the California Business and Professions Code, Section

21 17200 et seq. DEFENDANT's conduct was also deceptive in that DEFENDANT represented to

22 PLAINTIFF and the Class Members that they were not entitled to report, record and receive

23 compensation for all hours worked.

24     28.     PLAINTIFF, and the Class Members, are entitled to, and do, seek such relief as may be

25 necessary to restore to them the money and property which DEFENDANT have acquired, or of which

26 PLAINTIFF, and the members of the CLASS, have been deprived, by means of the above described

27 unfair and unlawful business practices.

28     29.     PLAINTIFF, and the Class Members, are further entitled to, and do, seek a

1  declaration that the above described business practices are unfair and unlawful and seek injunctive

2  relief to enjoin DEFENDANT from engaging in any of these unfair and unlawful business practices

3  in the future.

4      30.   PLAINTIFF, and the Class Members, have no plain, speedy, and/or adequate remedy

5  at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the

6  unfair and unlawful business practices described above, PLAINTIFF, and the members of the CLASS,

7  have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from

8  continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT

9  should be required to disgorge the unpaid wages to PLAINTIFF, and the members of the CLASS.

10

11                    **SECOND CAUSE OF ACTION**

12              **For Failure To Pay Straight Time and Overtime Wages**

13              **[Cal. Lab. Code §§ 204, 210, 218, 510, 1194 & 1198]**

14              **(By PLAINTIFF and the CLASS and Against all Defendants)**

15      31.   PLAINTIFF, and the Class Members, reallege and incorporate by this reference, as

16  though fully set forth herein, paragraphs 1 through 30 of this Complaint.

17      32.   PLAINTIFF, and the Class Members, bring a claim for DEFENDANT's willful and

18  intentional violations of the California Labor Code, Sections 204, 210, 510, 515, 558, 1194, and

19  California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the CLASS

20  PERIOD) for DEFENDANT's failure to pay them for all hours worked, including hours in excess of

21  eight (8) per workday, forty (40) per workweek, and on seven (7) consecutive days.

22      33.   Pursuant to the California Labor Code, other applicable laws and regulations, and public

23  policy an employer must pay its employees for all hours worked. Cal. Lab. Code § 204.

24      34.   California Labor Code Section 510 further provides that employees in California shall

25  not be employed more than eight (8) hours in any workday, forty (40) hours in a workweek, and on

26  seven (7) consecutive days unless they receive additional compensation beyond their regular wages in

27  amounts specified by law.

28      35.   California Labor Code Section 1194 establishes an employee's right to recover unpaid

wages, including overtime compensation and interest thereon, together with the costs of suit. California Labor Code Section 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

36.     During the CLASS PERIOD, ENTERPRISE maintained a uniform practice of paying PLAINTIFF, and the Class Members, without regard to the number of hours actually worked.  As set forth herein, DEFENDANT's policy and practice was to intentionally and uniformly deny payment of wages due for hours worked, including hours worked off the clock, straight time and overtime, specifically, the employment training time.  DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, in the following respects applicable to the CLASS as a whole:

        (a)     Not compensating Assistants and Trainees for all hours worked; and,

        (b)     Requiring Assistants and Trainees to work off the clock, straight time and overtime, during employment training, reporting to other locations, as well as during unpaid meal and rest breaks, without pay on a systematic and daily basis.

37.     In committing these violations of the Labor Code, ENTERPRISE required PLAINTIFF and the Class Members to inaccurately under-report the amount of time worked and ENTERPRISE underpaid the actual amount of hours worked.  ENTERPRISE acted in an illegal attempt to avoid payment of earned wages, overtime compensation and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

38.      California Labor Code Section 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the Class Members.  During the CLASS PERIOD, PLAINTIFF, and the Class Members, were paid on an hourly basis and/or classified as non-exempt by DEFENDANT.

39.     During the CLASS PERIOD, the PLAINTIFF, and the Class Members, worked more hours than they were paid for, constituting a failure to pay all earned wages.

40.     DEFENDANT failed to pay PLAINTIFF, and the Class Members, wages for all the hours they have actually worked, including hours in excess of the maximum hours permissible by law as required by the California Labor Code, Sections 510 and 1198, even though PLAINTIFF and the

Class Members were required to work, and did in fact work, off the clock.

41.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the Class Members, for the number of hours actually worked, the PLAINTIFF, and the Class Members, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

42.     During the CLASS PERIOD, DEFENDANT knew or should have known that PLAINTIFF, and the Class Members, worked hours that they were never compensated for at either the straight time and/or overtime rate of pay.

43.     In performing the acts and practices herein alleged in violation of labor laws and refusing to compensate employees for all hours worked and provide the requisite overtime compensation, the DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the Class Members, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the Class Members.

44.     PLAINTIFF, and the Class Members, request recovery of wages due and applicable straight time and overtime compensation according to proof, interest, and costs, as well as the assessment of any and all available statutory penalties against DEFENDANT, in a sum as provided by the Labor Code and/or other statutes.

45.     ENTERPRISE's respective failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to the PLAINTIFF, and all the Class Members, under California Labor Code Sections 204 and  218, as well as recovery of interest.

46.     ENTERPRISE's failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040, as amended during the CLASS PERIOD), and California Labor Code Sections 204, 210, 218, 510, 1194 and 1198, and is therefore unlawful.

47.     Therefore, PLAINTIFF, and the Class Members, request recovery of straight time and overtime compensation according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other

statutes.  To the extent straight time and overtime compensation is determined to be owed to PLAINTIFF and other Class Members whose employment has been terminated, these employees would also be entitled to waiting time penalties under Section 203 of the California Labor Code.  Further, PLAINTIFF, and the Class Members, are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CLASS and against DEFENDANT)**

48.    PLAINTIFF, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 47 of this Complaint.

49.    Cal. Labor Code Section 226 provides that an employer must furnish employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

50.    At all times relevant herein, DEFENDANT violated Labor Code Section 226 with respect to PLAINTIFF and the Class Members, without limitation, in that DEFENDANT inaccurately or completely failed to record and report: (a)  All hours actually worked on their pay stubs, including straight-time and overtime, and (b) time worked off the clock.

51.    This failure by DEFENDANT was the result of DEFENDANT's intentional refusal to institute a system for accurately recording hours worked and DEFENDANT's orders and instructions

to the members of the CLASS to exclude all hours worked, including straight time, overtime and off the clock. DEFENDANT also fails to provide members of the CLASS with accurate wage statements in writing and fails to make wage statements available to these employees upon demand.

52.     DEFENDANT knowingly and intentionally failed to comply with California Labor Code Section 226, causing damages to PLAINTIFF, and the Class Members. These damages include, but are not limited to, unpaid wages for hours actually worked, the costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages may be difficult to estimate. Therefore, PLAINTIFF, and the Class Members, may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to California Labor Code Section 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein), plus costs, pursuant to California Labor Code Section 226(g).

## FOURTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Necessary Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CLASS and Against All Defendants)

53.     PLAINTIFF, and the Class Members, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 52 of this Complaint.

54.     Pursuant to California Labor Code Section 2802, DEFENDANT is required to reimburse PLAINTIFF, and the Class Members, for expenses incurred by them in the performance of their job duties (which may include but is not limited to the following expenses: vehicles usage, mileage, gas, and meals).

55.     During the CLASS PERIOD, DEFENDANT had a uniform policy and procedure whereby PLAINTIFF and the Class Members were required to personally incur and pay for expenses during the performance of their employment duties, all without reimbursement from DEFENDANT. Similarly, DEFENDANT did not reimburse PLAINTIFF and the Class Members for other business

expenses incurred as a condition of and in the discharge of their employment duties.

56.     At all relevant times, PLAINTIFF and the Class Members paid for the expense of gas that was required in order to travel to and from the training hub cities to participate in a mandatory training program after being hired, which was for the DEFENDANT's benefit, and which was so that DEFENDANT could prepare these new employees for immediate work.  In addition, DEFENDANT failed to reimburse PLAINTIFF and the Class Members for the expenses incurred when they are required to travel to locations in their personal vehicle which are not the employee's regular location, such as when the employees are required to drive to more distant locations to pick up cars to bring to their regular location, as directed by DEFENDANT.  DEFENDANT's uniform practice was to not indemnify these employees for such expenses.

57.     DEFENDANT did not reimburse PLAINTIFF and the Class Members for the cost and use of their personal vehicles within the course and scope of their employment, such as to report to DEFENDANT's training hub locations to participate in a mandatory training program that was required after being hired.

58.     As a proximate result of the aforementioned violations, PLAINTIFF and the Class Members have been damaged in an amount according to proof at the time of trial.

59.     DEFENDANT's pattern, practice and uniform administration of corporate policy regarding failure to reimburse business expenses as described herein is unlawful and creates an entitlement.  Pursuant to Labor Code Section 2802, PLAINTIFF and the Class Members are entitled to recover from DEFENDANT  the full amount of the expenses they incurred in the course of their job duties, plus interest, and costs of suit.

### FIFTH CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")

### (By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)

60.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 59 of this Complaint.

61.     DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

62.     The PLAINTIFF further brings the Fifth cause of action on behalf of a Collective Class which consists of all Management Assistants and/or Management Trainees employed in the United States by DEFENDANT during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

63.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

64.     29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

65.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

66.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

67.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined

on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

68.     The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists.  Assistants and Trainees either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on the job training.

69.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.

70.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)     The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption. No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300.

71.     For an employee to be "exempt" as a bona fide "professional", the DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

(a)     Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

(b)     Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300.

72.     During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week.

73.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA, even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime hours.

74.     For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

75.     There are no other exemptions applicable to the PLAINTIFF and/or to members of the COLLECTIVE CLASS.

76.     As a result of DEFENDANT'S failure to pay overtime compensation for overtime hours

worked, as required by the FLSA, the PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

77.     Therefore, the PLAINTIFF demands that he and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and statutory costs as provided by law.

<u>**PRAYER**</u>

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the CLASS:

    A)     That the Court certify action asserted by the CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)     An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)     An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from PLAINTIFF and the other members of the CLASS;

    D)     Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CLASS;

    E)     Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation wages due PLAINTIFF and the other members of the CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

    F)     One (1) hour of pay for each workday in which a meal period was not provided to PLAINTIFF and each member of the CLASS for each five (5) hours of work;

    G)     One (1) hour of pay for each workday in which a rest period was not provided to PLAINTIFF and each member of the CLASS as required by law;

    H)     The wages of all terminated employees due to members of the CLASS as a penalty from

the due date thereof at the same rate until paid or until an action therefor is commenced in accordance with Cal. Lab. Code § 203;

I)      The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226; and,

J)      The amount of the expenses PLAINTIFF and each member of the CLASS incurred in the course of their job duties, plus interest, and costs of suit;

2.  On behalf of the COLLECTIVE CLASS:

A)      That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in collective class action under 29 U.S.C. § 216(b);

B)      Issue a declaratory finding that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

C)      That the PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b)

3.  On all claims:

A)      An award of interest, including prejudgment interest at the legal rate.

B)      An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5;

C)      Such other and further relief as the Court deems just and equitable.

Dated: November 17, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK


                                  By:   */s/ Norman B. Blumenthal*
                                        Norman B. Blumenthal
                                        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.


Dated: November 17, 2010            BLUMENTHAL, NORDREHAUG & BHOWMIK


By:   */s/ Norman B. Blumenthal*
                              Norman B. Blumenthal
                              Attorneys for Plaintiff