# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ,<br><br>                              Plaintiff,<br>   v.<br><br>ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC,<br><br>                            Defendant. | CASE NO. 10cv2373 L (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: DEPOSITION QUESTIONS OF PLAINTIFF<br><br>[DOC. NO. 40] |

     Before the Court is the joint motion of the parties, filed December 9, 2011, for the Court to rule on a discovery dispute that arise during the deposition of Plaintiff. (Doc. No. 40). The dispute involves eleven electronic mails exchanged between Plaintiff and employees of Defendant shortly after Plaintiff left Defendant's employ. Counsel for Plaintiff refused to allow Plaintiff to answer when Plaintiff was asked to authenticate the emails. Plaintiff argues that the emails are privileged settlement discussions under Fed.R.Ev. 408. Defendant argues that there is no settlement discussion privilege and that Rule 408 is a rule governing admissibility and not discovery.

     By its terms, Rule 408 governs only the admissibility of certain evidence that derives from settlement discussions. Rule 408(a) provides, in part:

          Evidence of the following is not admissible on behalf of any party,
          when offered to prove liability for, invalidity of, or amount of a

    claim that was disputed as to validity or amount, or to impeach
    through a prior inconsistent statement or contradiction:

      (1) furnishing or offering or promising to furnish - or
      accepting or offering or promising to accept - a
      valuable consideration in compromising or attempting
      to compromise the claim; and,

      (2) conduct or statements made in compromise
      negotiations regarding the claim . . . .

As with most rules, exceptions are provided which do allow for the admissibility of such evidence if not offered for a purpose prohibited by subsection (a). *See* Rule 408(b). Evidence of otherwise prohibited settlement discussions may be admitted, for example, to prove a witness' bias or prejudice or to negate a contention of undue delay. *Id*.

  Rule 408, then, only implicates discovery to the extent that discovery must be relevant - relevance being defined as "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Inasmuch as Rule 408 does not provide an absolute bar to the admissibility of evidence derived from settlement discussions, this Court finds that it does not provide for a "settlement negotiation privilege" as suggested by Plaintiff.

  Nevertheless, courts have struggled with issues of discovery of settlement negotiations. In *Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc.,* 332 F.3d 976 (6th Cir. 2003), the court of appeals recognized a settlement negotiation privilege, at least as against third parties stating:

    Parties are unlikely to propose the types of compromises that most
    effectively lead to settlement unless they are confident that their
    proposed solutions cannot be used on cross examination, under the
    ruse of "impeachment evidence," *by some future third party.*

*Id.* at 980 (emphasis added). Similarly, *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 554 (E.D.Cal. 1990), relied upon by Plaintiff, declined to order defendant to produce settlement

communications between the defendant and a third party.

More recently, on the other hand, discovery was allowed into communications with third parties which communications were characterized as settlement negotiations. In *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.,* 254 F.R.D. 568, 583-584 (N.D. Cal. 2008), the court declined to find that Rule 408 provided a discovery bar.

In the instant case, the communications at issue were between this Plaintiff and this Defendant. Moreover, Defendant has the communications. Thus far, Plaintiff has been asked only to authenticate the communications. This Court finds that Rule 408 does not provide a general bar prohibiting Defendant from questioning Plaintiff regarding the communications between them. Nor does the Court find any basis to apply any other "settlement negotiation privilege" in the context of this case. Whether there are questions that may be asked that justify a refusal to answer on some grounds is not before the Court today. And, whether the answers given to the questions are admissible will be a question for another day before another judge.

Accordingly, Plaintiff must answer questions posed regarding the eleven emails unless the answer calls for otherwise privileged information.

IT IS SO ORDERED:

DATED: December 14, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge