VALENTINE S. HOY (BAR NO. 121766)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: vhoy@allenmatkins.com

STEPHEN J. KEPLER (BAR NO. 155451)
MICHELLE S. DANGLER (BAR NO. 208662)
KEITH D. YANDELL (BAR NO. 233146)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail:  skepler@allenmatkins.com
        mdangler@allenmatkins.com
        kyandell@allenmatkins.com

Attorneys for Defendants
ENTERPRISE RENT-A-CAR COMPANY OF
LOS ANGELES, LLC

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GOMEZ,<br><br>            Plaintiff,<br><br>      vs.<br><br>ENTERPRISE          RENT-A-CAR<br>COMPANY OF LOS ANGELES, LLC,<br><br>            Defendant. | Action No. 10-cv-2373-L(MDD)<br><br>**STATUS REPORT RE: STATUS OF SETTLEMENT** |

1    Pursuant to the Order Directing Defendant to File Status Report Re: Status of

2    Settlement dated September 10, 2012, Defendant submits the follow report.

3    The Los Angeles Superior Court granted Final Approval of the class action

4    settlement in the matter of *Edwards v. Enterprise Holdings, Inc., et al.*, Los Angeles

5    Superior Court Case No. BC456875 on July 16, 2012.  True and correct copies of

6    the Order Granting Final Approval of the Settlement and the Judgment are attached

7    hereto as Exhibit A and Exhibit B.

8    Plaintiff Jose Gomez was added to the *Edwards* case as a class representative.

9    The Los Angeles Superior Court awarded Plaintiff Gomez an enhancement award in

10   the amount of $10,000.  (Exhibit A, p. 6, ¶ 11.)  Plaintiff's counsel in this action was

11   appointed class counsel in the *Edwards* case.  ((Exhibit A, p. 6, ¶ 12.)  The amounts

12   awarded to Plaintiff Gomez and to his counsel in this case under the *Edwards*

13   settlement were fully funded on or about July 30, 2012.

14   The judgment entered in the *Edwards* case provides finality to the issues

15   alleged in this action.  (Exhibit B.)  Accordingly, the parties are submitting a joint

16   motion for dismissal of the action with prejudice simultaneously with this status

17   report.

18

19   Dated:  September 17, 2012          ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
20

21                                       By:      */s/ Michelle S. Dangler*
                                         _____
22                                       MICHELLE S. DANGLER
                                         Attorneys for Defendant
23                                       ENTERPRISE RENT-A-CAR
                                         COMPANY OF LOS ANGELES,
                                         LLC
24

25

26

27

28

**EXHIBIT  A**

1 | BARRERA & ASSOCIATES
PATRICIO T.D. BARRERA (SBN 149696)
1500 Rosecrans Avenue, Suite 500
2 | Manhattan Beach, California 90266
Telephone:    310.802.1500
3 | Telefax:       310.802.0500

4 | BLUMENTHAL, NORDREHAUG & BHOWMIK
NORMAN B. BLUMENTHAL (SBN 068687)
5 | KYLE R. NORDREHAUG (SBN 205975)
APARAJIT BHOWMIK (SBN 248066)
6 | 2255 Calle Clara
La Jolla, CA 92037
7 | Telephone:    858.551.1223
Telefax:       858.551.1232

8 |

9 | Attorneys for Plaintiffs and the Class

10 |

11 |

12 |                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 |                      **FOR THE COUNTY OF LOS ANGELES**

14 |

15 | WHITNEY EDWARDS, individually and on    ) Case No.: BC456875
behalf of all other similarly situated employees, )
16 | MAURICE BUCHANAN, individually and on   ) (Assigned to the Hon. Jane L. Johnson,
behalf of all other similarly situated employees, ) Dept. 308)
17 |                                         )
          Plaintiffs,                        ) CLASS ACTION
18 |                                         )
          vs.                                ) **NOTICE OF ENTRY OF ORDER**
19 |                                         )
ENTERPRISE HOLDINGS, INC., a Missouri    )
20 | Corporation; ENTERPRISE RENT-A-CAR      ) Complaint Filed: March 8, 2011
COMPANY OF LOS ANGELES, a Nevada         )
21 | Corporation; ENTERPRISE RENT-A-CAR      )
COMPANY, INC.,  a Missouri Corporation;   )
22 | ENTERPRISE RENT-A-CAR COMPANY OF        )
SACRAMENTO, a Nevada Corporation;        )
23 | ENTERPRISE RENT-A-CAR COMPANY OF        )
SAN FRANCISCO, a Nevada Corporation; and )
24 | DOES 1-10, inclusive,                    )
                                         )
25 |          Defendants.                    )
_____ )

26 |

27 |

28 |

BARRERA & ASSOCIATES
1500 Rosecrans Ave., Suite 500
Manhattan Beach, CA 90266

- 1 -

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that an Order Granting Final Approval to Class Action Settlement was entered in the above-captioned and above-numbered action on July 16, 2012. A true and correct copy of the Order is attached hereto.

DATED:   July 17 ,2012                    **BARRERA & ASSOCIATES**

By _____
Patricio T. D. Barrera
Attorney for Plaintiffs and the Class

**FILED**

LOS ANGELES SUPERIOR COURT

**JUL 16 2012**

JOHN A. CLARKE, EXECUTIVE OFFICER

*C. Wright*

BY CAROL WRIGHT, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WHITNEY EDWARDS, individually and on behalf of all other similarly situated employees, MAURICE BUCHANAN, individually and on behalf of all other similarly situated employees,<br><br>              Plaintiffs,<br><br>    vs.<br><br>ENTERPRISE HOLDINGS, INC., a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY, INC., a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, a Nevada Corporation; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: BC456875<br><br>(Assigned to the Hon. Jane L. Johnson, Dept. 308)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES, COSTS, AND PLAINTIFF ENHANCEMENTS**<br><br>**Hearing**<br>Date:  July 16, 2012<br>Time:  11:00 a.m.<br>Dept.:  308<br><br>Complaint Filed: March 8, 2011 |

[Proposed] Order Granting Motion For Final Approval

Plaintiffs' motion for final approval of the class action settlement in this case, as well as Plaintiffs' request for an award of attorneys' fees, costs, and enhancement fees, was heard on July 16, 2012 pursuant to the Court's Order of February 14, 2012 when this Court signed the Order granting preliminary approval of the settlement after conducting a hearing to evaluate the settlement agreement between Plaintiffs and Defendants Enterprise Rent-A-Car Company of Los Angeles, LLC, Enterprise Rent-A-Car Co of San Francisco, LLC, and Enterprise Rent-A-Car Company of Sacramento, LLC (collectively, "ERAC" , and the proposed class notice program to grant preliminary approval of the Settlement.

The parties appeared through their counsel of record, with Plaintiffs' Counsel and ERAC's counsel appearing in person at the hearing.  There were no written objections filed prior to, or at the hearing, and no other appearances at the hearing.

The Court, after considering all papers filed, including the statistics and report filed by the parties prior to the hearing which confirms the final figures concerning the response rate of 49% of the Class, six opt-outs and confirming that there are no objections to the settlement, as established by the declaration of the claims administrator, Stacy Roe of Rust Consulting, Inc., dated June 26, 2012, and proceedings had herein and otherwise being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      All terms used herein have the same meaning as defined in the Stipulation and Agreement for Class Action Settlement ("Settlement Agreement") filed with the Court in support of the Court's preliminary approval of the settlement.

2.      The Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all Class Members.

3.      The Court approved the Settlement Agreement and found that the Settlement was, in all respects, fair, adequate and reasonable.  It further appears that significant investigation, discovery and research has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions, and that the Settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.  The Court finds that the settlement has been reached as a result of intensive, serious,

- 2 -

arms-length and non-collusive negotiations.

4. Distribution of the Notice directed to the Class Members as set forth in the Motion for Preliminary Approval and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. There were no objections to the Settlement. There were six, valid opt-outs, Eric A. Reeser, Armineh Hosepians, David C. Peterson, Kamel S. Sarkissyian, Charles I. Peoples, and Crystal N. Allen.

5. Based on the foregoing, the Court grants final approval of the Settlement on the terms set forth in the Settlement Agreement.

6. For purposes of this Order, the term "Class" is defined as follows:

**"Class Members - Subclass I (Section 2802 Claims)"** means: (a) individuals that worked for Enterprise Rent-A-Car Company of Los Angeles, LLC, or its predecessor-in-interest, as a Management Trainee and/or Management Assistant between November 17, 2006 and the date of entry of the Order Granting Preliminary Approval of the Settlement; (b) individuals that worked for Enterprise Rent-A-Car Company of Los Angeles, LLC, or its predecessor-in-interest, as an Assistant Branch Manager between July 15, 2008 and the date of entry of the Order Granting Preliminary Approval of the Settlement, and (c) individuals that worked for Enterprise Rent-A-Car Co of San Francisco, LLC, or its predecessor-in-interest, or Enterprise Rent-A-Car Company of Sacramento, LLC, or its predecessor-in-interest, as a Management Trainee, Management Assistant, and/or Assistant Branch Manager between July 15, 2008 and the date of entry of the Order Granting Preliminary Approval of the Settlement. Class Members - Subclass I shall not, however, include any ERAC employee who has received a monetary payment in exchange for executing a release of claims against ERAC.

**"Class Members - Subclass II (Wage and Hour Claims)"** means all persons who were employed by ERAC, or ERAC's predecessors-in-interest, in the job position of

- 3 -

Management Trainee, Management Assistant or Assistant Branch Manager in the State of California during the period July 15, 2008, through the date of entry of the Order Granting Preliminary Approval of the Settlement.  Class Members - Subclass II shall not, however, include any ERAC employee who has received a monetary payment in exchange for executing a release of claims against ERAC.

7.     The essential, economic terms of settlement are as follows:

| | |
|---|---|
| Common Fund (or Total Settlement Amount) | $1,125,000.00 |
| Net Common Fund (or Payments to the Qualified Class Members) | $710,000.00 |
| Subclass I Section 2802 Fund (10% of the Net Common Fund) | $71,000.00 |
| Subclass II Wage and Hour Fund (90% of the Net Common Fund) | $639,000.00 |
| Enhancement to the Class Representatives as Awarded by the Court | $30,000.00 |
| Attorneys' Fees as Awarded by the Court | $300,000.00 |
| Costs of Suit as Awarded by the Court | $5,000.00 |
| California Labor & Workforce Development Agency | $10,000.00 |
| Administrative Costs | $70,000.00 |

Based on this Order, and after the Effective Date as defined in Section I, subsection M of the Settlement Agreement, ERAC shall pay $1,125,000 to Rust for distributions to resolve this wage-and-hour action.  The Settlement Sum will be non-reversionary and fully funded by ERAC, and includes, as set forth in Section IV of the Settlement Agreement: (i) a Net Common Fund (or payments to the Qualifying Class Members, including the employer's portion of FICA, FUTA and/or employer-paid legally-required standard tax withholdings based on the wage portion of each payment made to a Qualified Class Member), (ii) a payment of ten thousand dollars ($10,000.00) to the California Labor & Workforce Development Agency (LWDA) based on the allocation to PAGA penalties, seventy-five percent (75%) of which, $10,000.00 will be paid to the LWDA, (iii) payment of attorneys' fees and costs as approved herein, (iv) an Enhancement to the Class Representatives, and (v) settlement administrative costs pursuant to the terms of the Settlement Agreement.

- 4 -

As set forth in the moving papers and in the declaration of the Claims Administrator, Stacy Roe of Rust Consulting, Inc., the Net Settlement Amount is $710,000.00 and the claim forms received represent 407,352.49 work weeks which is approximately 65% of the total work weeks for the Class.

Under Section V, Subsection M, on page 26 of the Settlement Agreement, Participating Class Members shall have ninety (90) days from the date their Individual Settlement Payment checks are dated to cash their settlement checks. If an Individual Settlement Payment check is returned to the Settlement Administrator as undeliverable, the Settlement administrator shall promptly attempt to obtain a valid mailing address by performing a mass search based on set criteria and, if another address is identified, shall mail the check to the newly identified address. If the Settlement Administrator is unable to obtain a valid mailing address through this process, the monies represented by the check shall be voided upon the expiration of the 90-day time period and the funds will be sent by the Settlement Administrator to the California State Controller - Unclaimed Property Division with an identification of the Participating Class Member when the Settlement Administrator's final accounting report has been approved by Class Counsel and ERAC's attorneys, and any employee payroll or withholding tax refunds received by the Settlement Administrator will be returned to ERAC pursuant to Section V, Subsection M, on page 28 of the Settlement Agreement.

8.      As of the date Judgment is entered pursuant to Section VI of the Settlement Agreement, each and every Released Claim, as defined in Section I, Subsections (X) and (Y) of the Settlement Agreement, of each and every Participating Class Member, was and shall be deemed to be conclusively released as against the Released Parties. As of the Date of the Judgment, all of the Class Members other than the six opt-outs identified in paragraph 4, above, are hereby forever barred from prosecuting the Released Claims against the Released Parties. The Court finds that the Settlement Agreement is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against ERAC.

9.      The settlement agreement is not an admission by ERAC, nor is this Order a finding as to the liability for any claims in the Action. Any of the Released Parties may file in

- 5 -

[Proposed] Order Granting Motion For Final Approval

this Action or in any other proceeding this Order, the Judgment, or any other papers and records on file in the Action as evidence of the Settlement to enforce the terms of the settlement or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

10.     The Court approves the PAGA penalty portion of the Settlement (Private Attorneys General Act of 2004, Cal. Labor Code §2698, *et seq*.).   Within ten (10) business days after the Effective Date, the Settlement Administrator will pay to the Labor and Workforce Development Agency (LWDA) Ten-Thousand Dollars ($10,000.00) as the LWDA's share of the settlement of the PAGA penalties and the balance will be distributed as part of the Net Common Fund to the participating Class Members who filed claims.

11.     The Court also hereby approves an Enhancement Fee to the plaintiffs/class representatives.   ERAC will pay thirty thousand dollars ($30,000.00) to be distributed in equal amounts among the three Class Representatives, to compensate them for their participation in the Class Action, and related factors, including the risk they took, as agreed to, and accepted by the parties.   The Enhancement Payments to the class representatives shall be as follows: Whitney Edwards $10,000; Maurice Buchanan $10,000; and Jose Gomez $10,000.   This payment represents Court approved enhancements for Plaintiffs during information gathering, informal and formal discovery, and the like, while serving as the class representatives and taking on the risk of litigation.   These payments will be made by the Settlement Administrator within ten business (10) days after the Effective Date, per Section V, Subsection N, on page 28 of the Settlement Agreement.

12.     The Court also hereby awards Class Counsel attorneys' fees in the sum of $175,000 to Barrera & Associates and $125,000 to Blumenthal, Nordrehaug and Bhowmik and reimbursement of costs in the reduced, combined sum of $5,000, in separate checks to Barrera & Associates and Blumenthal, Nordrehaug and Bhowmik.   Class Counsel shall advise the Settlement Administrator of the final split of costs between Class Counsel so that the claims administrator may issue checks and Form 1099s for the respective amounts.   These payments

- 6 -

[Proposed] Order Granting Motion For Final Approval

will be made by the Settlement Administrator within ten business (10) days after the Effective

Date, per Section V, Subsection N, on page 28 of the Settlement Agreement.

13.    The Court also hereby Orders the payment of administration fees, $70,000, to

Rust Consulting, Inc. by ERAC under the Settlement Agreement.

IT IS SO ORDERED.


Dated:    JUL 1 6 2012                          _____

The Honorable Jane L. Johnson
Judge of the Superior Court

[Proposed] Order Granting Motion For Final Approval

**PROOF OF SERVICE**
(C.C.P. §§ 1013a and 2015.5)

I, Lisa J. Flegenheimer, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Law Offices of Barrera & Associates, 1500 Rosecrans Avenue, Suite 500, Manhattan Beach CA 90266.

On July 17, 2012, I served the foregoing document(s) described as **NOTICE OF ENTRY OF ORDER,** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒  BY MAIL: By placing ([X] **a true and correct copy [ ] an original**) thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid, in the U.S. Mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

☐  BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐  BY FAX: I transmitted a true copy of the foregoing document(s) this date from telecopier number (310) 802-0500 to the facsimile number(s) shown above.

☐  BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐  BY EMAIL: I transmitted a true copy of the foregoing document(s) this date to the email address shown below.

I certify and declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 17th day of July, 2012, at Manhattan Beach, California.

_____
Lisa J. Flegenheimer

1

**SERVICE LIST**

2   Stephen J. Kepler, Esq.
    Michelle S. Dangler, Esq.
3   Allen Matkins Leck Gamble Mallory & Natsis LLP
    1900 Main Street, Fifth Floor
4   Irvine, CA 92614
    Tel: (949) 553-1313
5   Fax: (949) 553-8354
    E-mail:      skepler@allenmatkins.com
6                mdangler@allenmatkins.com

7

    Norman B. Blumenthal, Esq.
8   Kyle R. Nordrehaug, Esq.
    Aparajit Bhowmik, Esq.
9   Blumenthal, Nordrehaug & Bhowmik
    2255 Calle Clara
10  La Jolla, California 92037
    Tel: (858) 551-1223
11  Fax: (858) 551-1232
    Email:       aj@bamlawlj.com
12               kyle@bamlawlj.com
                 norm@bamlawlj.com
13

14  Valentine Hoy, Esq.
    Allen Matkins Leck Gamble Mallory & Natsis LLP
15  501 West Broadway, 15th Floor
    San Diego, CA 92101-3541
16  Tel: (619) 233-1155
    Fax: (619) 233-1158
17  E-mail:      vhoy@allenmatkins.com

18

19  Keith D. Yandell, Esq.
    Allen Matkins Leck Gamble Mallory & Natsis
20  Three Embarcadero Center, 12th Floor
    San Francisco, CA 94111-4074
    Tel: (415) 837-1515
21  Fax: (415) 837-1516
    E-mail:      kyandell@allenmatkins.com

22

23

24

25

26

27

28

- 2 -

**EXHIBIT  B**

BARRERA & ASSOCIATES
PATRICIO T.D. BARRERA (SBN 149696)
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California 90266
Telephone:    310.802.1500
Telefax:       310.802.0500

BLUMENTHAL, NORDREHAUG & BHOWMIK
NORMAN B. BLUMENTHAL (SBN 068687)
KYLE R. NORDREHAUG (SBN 205975)
APARAJIT BHOWMIK (SBN 248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone:    858.551.1223
Telefax:       858.551.1232

Attorneys for Plaintiffs and the Class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WHITNEY EDWARDS, individually and on behalf of all other similarly situated employees, MAURICE BUCHANAN, individually and on behalf of all other similarly situated employees, <br><br> Plaintiffs, <br><br> vs. <br><br> ENTERPRISE HOLDINGS, INC., a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY, INC.,  a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, a Nevada Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: BC456875 <br><br> (Assigned to the Hon. Jane L. Johnson, Dept. 308) <br><br> CLASS ACTION <br><br> **NOTICE OF ENTRY OF JUDGMENT** <br><br> Complaint Filed: March 8, 2011 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that a Judgment was entered in the above-captioned and above-numbered action on July 16, 2012. A true and correct copy of the Judgment is attached hereto.

DATED: July 17, 2012

**BARRERA & ASSOCIATES**

By _____
Patricio T. D. Barrera
Attorney for Plaintiffs and the Class

**FILED**

LOS ANGELES SUPERIOR COURT

**JUL 1 6 2012**

JOHN A. CLARKE, EXECUTIVE OFFICER

*C. Wright*

BY CAROL WRIGHT, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WHITNEY EDWARDS, individually and on behalf of all other similarly situated employees, MAURICE BUCHANAN, individually and on behalf of all other similarly situated employees, <br><br> Plaintiffs, <br><br> vs. <br><br> ENTERPRISE HOLDINGS, INC., a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY, INC., a Missouri Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SACRAMENTO, a Nevada Corporation; ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, a Nevada Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: BC456875 <br><br> (Assigned to the Hon. Jane L. Johnson, Dept. 308) <br><br> CLASS ACTION <br><br> [~~PROPOSED~~] JUDGMENT |

On February 14, 2012, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of a settlement agreement after conducting a hearing to evaluate the settlement agreement between Plaintiffs and Defendants Enterprise Rent-A-Car Company of Los Angeles, LLC, Enterprise Rent-A-Car Co of San Francisco, LLC, and Enterprise Rent-A-Car

- 1 -

[~~Proposed~~] Judgment

Company of Sacramento, LLC (collectively, "ERAC") and the proposed class notice program.

On July 16, 2012, this Court held a fairness hearing (the "Final Settlement Hearing"), for which members of the Settlement Class had been given appropriate notice.   Plaintiffs' motion for final approval of the class action settlement in this case, as well as plaintiffs' request for an award of attorneys' fees, costs, and enhancement fees, was heard.   The parties appeared through their counsel of record. There were no written objections filed prior to, or at the hearing, and no other appearances at the hearing.

The Court, after considering all papers filed in support of the motion, including the stipulation filed by the parties after the hearing which confirms the final figures concerning the response rate, opt-outs and confirming that there are no objections to the settlement, as established by the declaration of the claims administrator, Stacy Roe of Rust Consulting, Inc., and proceedings had herein and otherwise being fully informed and good cause appearing therefore, the Court granted final approval of the settlement and issued an Order thereon.

THE COURT HEREBY FINDS AND ORDERS THAT FINAL JUDGMENT IS ENTERED AS FOLLOWS:

1.     The Court has jurisdiction over the subject matter of this litigation, all plaintiffs, defendants, members of the Settlement Class, the Claims Administrator, the claims and causes of action asserted in this action as released in the Stipulation and Agreement for Class Action Settlement ("Settlement Agreement").

2.     All terms used herein have the same meaning as defined in the Settlement Agreement filed with the Court in support of preliminary approval of the settlement.

3.     This Court finds that the Settlement Agreement has been entered into in good faith following arms' length negotiations and is non-collusive.

4.     This Court grants final approval of the settlement and Settlement Agreement, including but not limited to the release in thereof, and finds that the settlement and Settlement Agreement are in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class.  Therefore, all members of the Settlement Class who have not requested exclusion from the Settlement Class are bound by this Final Judgment.

- 2 -

[Proposed] Judgment

**Class Certification**

5.    The Court finds that certification of the Settlement Class is appropriate.

6.    The preliminary certified Settlement Class is now finally certified, for purposes of effectuating the settlement, as follows:  The Class includes the three Named Plaintiffs, on behalf of themselves and the following:

"**Class Members - Subclass I (Section 2802 Claims)**" means: (a) individuals that worked for Enterprise Rent-A-Car-Company of Los Angeles, LLC, or its predecessor-in-interest, as a Management Trainee and/or Management Assistant between November 17, 2006 and the date of entry of the Order Granting Preliminary Approval of the Settlement; (b) individuals that worked for Enterprise Rent-A-Car Company of Los Angeles, LLC, or its predecessor-in-interest, as an Assistant Branch Manager between July 15, 2008 and the date of entry of the Order Granting Preliminary Approval of the Settlement, and (c) individuals that worked for Enterprise Rent-A-Car Co of San Francisco, LLC, or its predecessor-in-interest, or Enterprise Rent-A-Car Company of Sacramento, LLC, or its predecessor-in-interest, as a Management Trainee, Management Assistant, and/or Assistant Branch Manager between July 15, 2008 and the date of entry of the Order Granting Preliminary Approval of the Settlement.  Class Members - Subclass I shall not, however, include any ERAC employee who has received a monetary payment in exchange for executing a release of claims against ERAC.

"**Class Members - Subclass II (Wage and Hour Claims)**" means all persons who were employed by ERAC, or ERAC's predecessors-in-interest, in the job position of Management Trainee, Management Assistant or Assistant Branch Manager in the State of California during the period July 15, 2008, through the date of entry of the Order Granting Preliminary Approval of the Settlement.  Class Members - Subclass II shall not, however, include any ERAC employee who has received a monetary payment in exchange for executing a release of claims against ERAC.

7.    In its Preliminary Approval Order, the Court designated Whitney Edwards, Maurice Buchanan, and Jose Gomez as representatives of the Settlement Class.  The Court hereby affirms that designation.

- 3 -

8.     In its Preliminary Approval Order, the Court appointed Barrera & Associates and Blumenthal, Nordrehaug and Bhowmik as Class counsel.  The Court hereby affirms that appointment.

9.     In its Preliminary Approval Order, the Court appointed Rust Consulting, Inc. as the Claims Administrator.  The Court hereby affirms that appointment.

### Class Notice

10.     The Declaration of Stacy Roe of Rust, Consulting Inc. shows that Class Notice was given by first-class mail in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order.  The Class Notice complies with the requirements of Cal. Rules of Ct. 3.766 and 3.769 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Opt-Outs

11.     There were six, valid "Opt-Outs," Eric A. Reeser, Armineh Hosepians, David C. Peterson, Kamel S. Sarkissyian, Charles I. Peoples, and Crystal N. Allen.

### Class Relief

12.     ERAC shall timely deposit with the Claims Administrator, in accordance with Section V.(M), page 26 of the Settlement Agreement, the monies necessary to permit the Claims Administrator to distribute the Payments to Settlement Class members, and the Claims Administrator will distribute the Payments in accordance with the Settlement Agreement, as set forth in Section V(M) and (N).

13.     The essential, economic terms of settlement are as follows:

| | |
|---|---|
| Common Fund (or Total Settlement Amount) | $1,125,000.00 |
| Net Common Fund (or Payments to the Qualified Class Members) | $710,000.00 |
| Subclass I Section 2802 Fund (10% of the Net Common Fund) | $71,000.00 |
| Subclass II Wage and Hour Fund (90% of the Net Common Fund) | $639,000.00 |
| Enhancement to the Class Representatives as Awarded by the Court | $30,000.00 |
| Attorneys' Fees as Awarded by the Court | $300,000.00 |
| Costs of Suit as Awarded by the Court | $5,000.00 |

- 4 -

[Proposed] Judgment

| California Labor & Workforce Development Agency | $10,000.00 |
| Administrative Costs | $70,000.00 |

As Ordered herein, and after the Effective Date as defined in Section I, subsection M of the Settlement Agreement, ERAC shall pay $1,125,000 to Rust for distributions to resolve this wage-and-hour action.  The Settlement Sum will be non-reversionary and fully funded by ERAC, and includes, as set forth in Section IV of the Settlement Agreement: (i) a Net Common Fund (or payments to the Qualifying Class Members, including the employer's portion of FICA, FUTA and/or employer-paid legally-required standard tax withholdings based on the wage portion of each payment made to a Qualified Class Member), (ii) a payment of ten thousand dollars ($10,000.00) to the California Labor & Workforce Development Agency (LWDA) based on the allocation to PAGA penalties, seventy-five percent (75%) of which, $10,000.00 will be paid to the LWDA, (iii) payment of attorneys' fees and costs as approved herein, (iv) an Enhancement to the Class Representatives, and (v) settlement administrative costs pursuant to the terms of the Settlement Agreement.

As set forth in the moving papers and in the declaration of the Claims Administrator, Stacy Roe of Rust Consulting, Inc., the Net Settlement Amount, as modified by the Court at the hearing on this motion is $710,000.00 and the claim forms received represent 407,352.49 work weeks which is approximately 65% of the total work weeks for the Class.

Under Section V, Subsection M, on page 26 of the Settlement Agreement, Participating Class Members shall have ninety (90) days from the date their Individual Settlement Payment checks are dated to cash their settlement checks.  If an Individual Settlement Payment check is returned to the Settlement Administrator as undeliverable, the Settlement administrator shall promptly attempt to obtain a valid mailing address by performing a mass search based on set criteria and, if another address is identified, shall mail the check to the newly identified address. If the Settlement Administrator is unable to obtain a valid mailing address through this process, the monies represented by the check shall be voided upon the expiration of the 90-day time period and the funds will be sent by the Settlement Administrator to the California State Controller -

Unclaimed Property Division with an identification of the Participating Class Member when the Settlement Administrator's final accounting report has been approved by Class Counsel and ERAC's attorneys, and any employee payroll or withholding tax refunds received by the Settlement Administrator will be returned to ERAC pursuant to Section V, Subsection M, on page 28 of the Settlement Agreement.

14.     As of the date of this Judgment, each and every Released Claim (as defined in the Settlement Agreement) of each and every Class Member was and shall be deemed to be conclusively released as against the Released Parties. As of the date of this Judgment, all of the Class Members, except for Eric A. Reeser, Armineh Hosepians, David C. Peterson, Kamel S. Sarkissyian, Charles I. Peoples, and Crystal N. Allen, who opted-out of the Settlement, are hereby forever barred from prosecuting the Released Claims against the Released Parties. The Court finds that the Settlement Agreement is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against ERAC.

15.     The settlement agreement is not an admission by ERAC, nor is this Order a finding as to the liability for any claims in the Action. Any of the Released Parties may file in this Action or in any other proceeding this Order, the Judgment, or any other papers and records on file in the Action as evidence of the Settlement to enforce the terms of the settlement or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

16.     The Court hereby approves the PAGA penalty portion of the Settlement (Private Attorneys General Act of 2004, Cal. Labor Code §2698, *et seq.*). Within ten (10) business days after the Effective Date, the Settlement Administrator will pay to the Labor and Workforce Development Agency (LWDA) Ten-Thousand Dollars ($10,000.00) as the LWDA's share of the settlement of the PAGA penalties and the balance will be distributed as part of the Net Common Fund to the participating Class Members who filed claims.

### Award of Enhancement Fees, Attorneys' Fees and Costs

17.     The Court also hereby approves an Enhancement Fee to the plaintiffs/class representatives. From the amount paid by ERAC as set forth above, the Claims Administrator

- 6 -

will pay thirty-thousand dollars ($30,000.00) to be equally distributed among the three Class Representatives, to compensate them for their participation in the Action, and related factors, including the risk they took, as agreed to, and accepted by the parties, and as ordered herein.  The Enhancement Payments to the class representatives shall be as follows: Whitney Edwards $10,000; Maurice Buchanan $10,000; and Jose Gomez $10,000.   This payment represents Court approved enhancements for plaintiffs during information gathering, discovery, and the like, while serving as the class representatives and taking on the risk of litigation.  These payments will be made by the Settlement Administrator within ten business (10) days after the Effective Date, per Section V, Subsection N, on page 28 of the Settlement Agreement.

18.     The Court also hereby awards Class Counsel attorneys' fees and costs as follows: attorneys' fees in the sum of $175,000 to Barrera & Associates and $125,000 to Blumenthal, Nordrehaug and Bhowmik and reimbursement of costs in the reduced, combined sum of $5,000, in separate checks to Barrera & Associates and Blumenthal, Nordrehaug and Bhowmik.   Class Counsel shall advise the Settlement Administrator of the final split of costs between Class Counsel so that the claims administrator may issue checks and Form 1099s for the respective amounts.   These payments will be made by the Settlement Administrator within ten business (10) days after the Effective Date, per Section V, Subsection N, on page 28 of the Settlement Agreement.

19.     The Court also hereby orders the payment of administration fees, $70,000, by ERAC to Rust Consulting, Inc., as set forth in the Settlement Agreement.

**Other Provisions**

20.     The Claims Administrator, Rust Consulting, Inc., shall, in consultation with Class Counsel and Defendant's Counsel, administer the settlement in good faith and in accordance with the terms of the Settlement Agreement.

21.     This Court retains continuing jurisdiction over this Action, Plaintiffs, ERAC, all Settlement Class members and the Claims Administrator to determine all matters relating in any way to this Final Judgment, the Order granting final approval, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation,

- 7 -

[Proposed] Judgment

interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes or challenges.

22.    The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23.    If the Settlement Agreement, the Preliminary Approval Order and the Final Judgment are reversed, vacated, or modified in any material aspect, or the Effective Date (as defined in the Settlement Agreement) fails to occur for any reason, then neither the Settlement Agreement, the Preliminary Approval Order nor this Judgment shall have any force or effect, the Parties shall be restored, without prejudice, to their respective positions prior to entering into the Settlement Agreement, and any certification of the Settlement Class shall be vacated.

IT IS SO ORDERED.

Dated: _____ JUL 1 6 2012 _____        _____

The Honorable Jane L. Johnson
Judge of the Superior Court

- 8 -

[Proposed] Judgment

**PROOF OF SERVICE**
(C.C.P. §§ 1013a and 2015.5)

I, Lisa J. Flegenheimer, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is Law Offices of Barrera & Associates, 1500 Rosecrans Avenue, Suite 500, Manhattan Beach CA 90266.

On July 17, 2012, I served the foregoing document(s) described as **NOTICE OF ENTRY OF JUDGMENT,** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY MAIL: By placing (**[X] a true and correct copy [ ] an original**) thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid, in the U.S. Mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

☐ BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐ BY FAX: I transmitted a true copy of the foregoing document(s) this date from telecopier number (310) 802-0500 to the facsimile number(s) shown above.

☐ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐ BY EMAIL: I transmitted a true copy of the foregoing document(s) this date to the email address shown below.

I certify and declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 17th day of July, 2012, at Manhattan Beach, California.

_____
Lisa J. Flegenheimer

**SERVICE LIST**

Stephen J. Kepler, Esq.
Michelle S. Dangler, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614
Tel: (949) 553-1313
Fax: (949) 553-8354
E-mail:      skepler@allenmatkins.com
             mdangler@allenmatkins.com


Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, California 92037
Tel: (858) 551-1223
Fax: (858) 551-1232
Email:       aj@bamlawlj.com
             kyle@bamlawlj.com
             norm@bamlawlj.com


Valentine Hoy, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541
Tel: (619) 233-1155
Fax: (619) 233-1158
E-mail:      vhoy@allenmatkins.com


Keith D. Yandell, Esq.
Allen Matkins Leck Gamble Mallory & Natsis
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Tel: (415) 837-1515
Fax: (415) 837-1516
E-mail:      kyandell@allenmatkins.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am over the age of eighteen (18) and not a party to the within action.  I am employed in the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, 1900 Main Street, Fifth Floor, Irvine, California 92614.

On September 17, 2012, I used the Southern District of California's Electronic Case Filing System, with the ECF account registered to Michelle S. Dangler, to file the following document(s):

**STATUS REPORT RE: STATUS OF SETTLEMENT**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service.  The parties served by e-mail in this case are found on the Court's Electronic Mail Notice List.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed on September 17, 2012, at Irvine, California.

By:    /s/ *Julie A. Arden*